UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60756-CIV-ALTMAN/HUNT

YAROSLAV FARBER,

         Plaintiff(s),

v.

CITY OF HOLLYWOOD, FLORIDA,
a Florida Municipal Corporation,
and CARYL SHUHAM, DOUGLAS GONZALES,
and LUIS LOPEZ, as individuals,

         Defendants

_____/

## REPORT AND RECOMMENDATIONS

      This matter is before this Court on a Motion to Dismiss by Defendants. ECF No. 34.  The Honorable Roy K. Altman, United States District Judge, previously referred this case to the undersigned for a Report and Recommendations. ECF No. 54; see also 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the Reply, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be DENIED.

### Background

      In his First Amended Complaint, ECF No. 28, Plaintiff alleges that he was the subject of a months-long harassment campaign by officials of the City of Hollywood. Specifically, Plaintiff alleges that a neighbor, a former Broward County judge, took issue with Plaintiff's boat dock and launched a campaign to have the dock removed.  According to Plaintiff, the judge conspired with friends in city government to come up with some way to accomplish the removal.  Plaintiff alleges that the conspiracy knowingly abused a

clearly inapplicable City ordinance in its attempt to have the dock done away with, and actively and without justification attempted to scuttle any attempts at compliance. Plaintiff now alleges three counts against the City of Hollywood, the City Engineer, the City Attorney, and a City Commissioner under 42 U.S.C. § 1983, accusing them of said conspiracy. Pointing to several properties he claims are similar to his but which were not subjected to the City's ire, Plaintiff argues that this illicit campaign targeted him in violation of the Equal Protection Clause of U.S. Const. Amend. XIV.

Plaintiff's initial complaint was dismissed without prejudice by this Court. ECF No. 27. Plaintiff has now filed his Amended Complaint, and Defendants now seek to have that Complaint dismissed on multiple grounds. ECF No. 34.

**Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678). "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id*. (*citing Brooks v. Blue Cross*

& *Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).   "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

## Discussion

Defendants make several arguments as to why Plaintiff's Amended Complaint should be dismissed.   First, Defendants argue that Plaintiff has failed to plead that a constitutional right was violated.   Defendants' arguments to that end are twofold, namely that Plaintiff has failed to demonstrate that his property is "similarly situated" to other properties, and that Defendants had a rational basis to justify their position against Plaintiff's property.   Next, Defendants contend Plaintiff's claim should be dismissed on qualified immunity grounds, as any alleged constitutional violation was not "clearly established," and thus Defendants had no fair warning that any action they took was unconstitutional.   Defendants further allege that there was no discriminatory intent, and thus any claim under § 1983 fails.   Defendants also argue that, because there was no denial of a constitutional right, there could be no conspiracy to deny said right. Defendants further argue that Plaintiff has failed to establish standing under U.S. Const. Art. III because he has not established that he suffered the requisite injury-in-fact.   Finally, Defendants argue that Plaintiff's Amended Complaint constitutes an impermissible "shotgun pleading" and thus must be dismissed.   Each argument will be addressed below.

I.   <u>Whether a constitutional right was violated.</u>

Plaintiff alleges that he is a "class of one" for the purposes of a claim under the Equal Protection Clause of U.S. Const. Art. XIV.   To establish that he is a "class of one," Plaintiff must plead that Defendants "(1) intentionally treated the Plaintiff differently and

3

arbitrarily compared to others who were similarly situated, and the Defendants (2) had no rational basis for the disparate treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). Defendants challenge Plaintiff's claim under both prongs. The undersigned examines each in turn.

a. Was Plaintiff's property similarly situated to other properties?

Defendants first argue that Plaintiff's property was not similarly situated to other properties in the area. "The reason that there is a 'similarly situated' requirement in the first place is that at their heart, equal protection claims, even 'class of one' claims, are basically claims of discrimination." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1207 (11th Cir. 2007) (quotation omitted). "To maintain this focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, we are obliged to apply the 'similarly situated' requirement with rigor." *Id*.

"Different treatment of dissimilarly situated persons does not violate the equal protection clause." *Id*. (quotation omitted). Accordingly, "[t]he entities being compared must be *prima facie identical in all relevant respects*." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285 (11th Cir. 2021) (emphasis in original) (internal quotations and citations omitted). "A plaintiff must ultimately show that it and any comparators are similarly situated in light of all the factors that would be relevant to an objectively reasonable governmental decisionmaker." *Id*. (internal quotations and citations omitted).

Defendants' primary argument is that Plaintiff's failure to obtain a new General License from the County for his redesigned dock rendered the property noncompliant with the County's permitting process, and that this non-compliance was a valid, stated reason

4

for declaring his City permit expired.  Similarly, Defendants claim that Plaintiff's failure to obtain a permit for the dock from the U.S. Army Corp of Engineers also justified the expiration of Plaintiff's City permit.   These violations, Defendants argue, demonstrate that Plaintiff's property was not similarly situated to other properties that lack those violations, such as those cited by Plaintiff in his Amended Complaint.

Plaintiff responds that, given that the similarity question is usually fact-intensive, it is better decided on summary judgment than on a motion to dismiss.  Plaintiff argues that if the Court takes the Amended Complaint's allegations as true, as it must under the legal standard, Plaintiff has adequately identified several properties that are identical in all relevant respects, and which did not face any enforcement and removal actions by Defendants.  Plaintiff contends that, given that Defendants clearly did not apply the City Code Section at issue, § 98.006, to any other dock in the area, the Court should be able to examine the docks for similarity with a high degree of confidence. That Plaintiff did not, in fact, have a valid license from Broward County is of no consequence, Plaintiff argues, because Plaintiff did have a City permit for the dock, and the dock was constructed according to that permit.  As for the U.S. Army Corp. permitting, Plaintiff says Defendants are simply incorrect.

Defendants reply that there are actually three things that are both relevant and distinguishing factors at issue.  The first, and most obvious is that the dock was found to be in violation of both local and federal law.  The second is that the dock was in violation of the City's permitting process.   Third, Defendants argue that the dock posed a navigational hazard to surrounding properties.

There are factual disputes regarding whether the property in question actually violated the City's permitting process or posed a navigational hazard.  Such fact intensive inquiries are simply not proper to resolve at the Motion to Dismiss stage.  That there was a violation of federal law is likewise factually disputed.  Under the current standard of review, these disputes must be resolved in favor of Plaintiff, who has adequately pleaded the facts in his favor.

The question before this Court, then, is whether the lack of a County license, which all Parties admit to, is a relevant factor for the purposes of considering the comparator properties Plaintiff cites as similarly situated.  If it is, then the properties named by Plaintiff are indeed not similarly situated.  If it is not, then the properties are adequate comparators for the purposes of this Motion. The undersigned finds that, taking the allegations in the Amended Complaint as true, Plaintiff has adequately made the case that the named properties are similarly situated.

Plaintiff argues that the lack of a Broward County license is irrelevant to the issue because the City has no reason, legal or otherwise, to take the County's licensing process into account.   Plaintiff argues that the only relevant factor is whether the docks were similar for all relevant purposes regarding the application of § 98.006.   Defendants counter that the permitting issues cannot so easily be ignored.

The undersigned finds that Defendants have not adequately demonstrated why this lack of County license is a relevant factor for comparison.  Plaintiff has alleged several facts in the Amended Complaint, including specific conversations, that demonstrate that the lack of County license was not a factor in Defendants' decision to pursue action against the dock. Defendants, on the other hand, have not shown why the lack of the

6

County license was a relevant factor in either its own permitting process or for the purposes of applying the City Code to the property at issue.  Although it is a fact that may be different from the comparator properties, Defendants have failed to show why it is a *relevant* fact.    Plaintiff has, for the purposes of a Motion to Dismiss, adequately demonstrated that the properties are similarly situated for all relevant purposes, and Defendants have not adequately articulated why the lack of a County license is a relevant distinguishing factor.  Accordingly, Defendants' Motion should be denied on this point.

> b. Did officials have a rational basis for their position against Plaintiff's property?

Defendants next argue that even if Plaintiff has met his burden of demonstrating his property was similarly situated to others, he nonetheless failed to show that the Defendants' actions lacked a reasonable basis.  Defendants again point to Plaintiff's lack of both County and federal permits, as well as navigational concerns that bring the property at issue into question under the City Code.   Although Plaintiff may be able to point to City employees who opined that the dock did not violate the Code, Defendants argue, those opinions do not render the City's position erroneous, much less irrational.

Plaintiff counters that it is impossible that there is any rational basis for Defendants' discriminatory actions against Plaintiff. Plaintiff explains that there are two inquiries in rational basis review.  First, the court must "identify a legitimate government purpose . . . which the enacting government body could have been pursuing." *Godwin v. Kelley*, 2:12cv164–WHA–CSC, 2013 WL 3325777 at *7 (M.D. Ala. July 1, 2013) (citing *Bannum, Inc. v. City of Ft. Lauderdale, Fla.*, 157 F. 3d 819 (11th Cir. 1998)).  Second, the court must ask whether a rational basis existed for the defendant to believe that the decision

"would further the hypothesized purpose." *Id.* (citing *Williams v. Pryor*, 240 F. 3d 944, 951-52 (11th Cir. 2001)).

Plaintiff argues that neither the singling out of his dock nor Defendants' opposition to an updated County license, which Plaintiff also alleges, has a rational justification. Plaintiff argues that he has adequately alleged the City Code he supposedly violated clearly on its face does not apply, and that this is enough for his claims to survive Defendants' Motion.

Defendants reply that the applicability of the City Code is not as straightforward as Plaintiff would like to claim, and that the section in question is at best ambiguous. Further, Defendants argue, Plaintiff's own Amended Complaint offers ample rational bases for Defendants' actions, including defective licensing and violation of City ordinances. Ultimately, according to Defendants, it is clear there was nothing arbitrary about their actions.

Regarding the permitting concerns proposed by the City, the undersigned finds the analysis *supra* applies equally here, and thus the City's arguments on these points fail at this stage. Likewise, Plaintiff has adequately alleged that there are no actual navigational concerns with which the City could be concerned.

Turning to the applicability of the City Code, the undersigned agrees with Defendants that it is at this stage unclear whether the City Code section at issue is applicable to Plaintiff's property. However, that ambiguity renders the question of the reasonableness of their actions unanswerable at this time. Plaintiff has alleged both that the City Code in question did not apply, and that the City itself was aware of its inapplicability and chose to use it anyway. Although this Court need not take assertions

8

of law as true, Plaintiff has alleged specific statements that were made by City employees acknowledging the section's inapplicability.  ECF No. 28 at 9.

The undersigned notes that "[t]he actual motivations of the enacting governmental body are entirely irrelevant." *Godwin,* 2013 WL 3325777 at *6.   Nonetheless, "[t]he Eleventh Circuit has explained that for 'class of one' rational basis analysis, under Supreme Court precedent, even if the State identifies a legitimate interest, if in creating the means used to carry out these interests, the city adopted a classification that had no rational basis, there is an equal protection violation."  *Id.* (citations omitted).

Taking those allegations as true, as the undersigned must, Plaintiff has adequately alleged that City officials were aware that the City Code section they applied was inapplicable, and that they took the actions anyway.  Accordingly, Plaintiff has adequately alleged that "the city adopted a classification that had no rational basis," and thus has adequately alleged an equal protection violation.  The undersigned notes this is not a judgment on whether the City Code section in question is applicable to Plaintiff's property. Instead, it is merely an observation that Plaintiff has alleged facts that, taken as true, would indicate that City officials acted despite knowing they had no rational basis for their actions.  Accordingly, Defendants' Motion to Dismiss should be denied on this point.

II.    <u>Whether the alleged violation of Plaintiff's constitutional right was clearly established.</u>

Defendants next argue that, even if Plaintiff has alleged a constitutional violation, the constitutional right violated was not clearly established, and therefore qualified immunity applies. Two showings are required to defeat a public official's qualified immunity defense.  *Griffin Indus.,* 496 F.3d at 1199.   "First, the plaintiff must establish that the defendant violated a constitutional right."  *Id.* (citing *McClish v. Nugent,* 483 F.3d

1231, 1237 (11th Cir.2007)).  "Then, the plaintiff must show that the violation was clearly established." *Id*. (citations omitted).  "If . . . the official violated the law but his conduct was not clearly established as unlawful, the court must grant him qualified immunity." *Id.* at 1200.

Defendants argue that there are simply no judicial opinions or case law that would put Defendants on notice of Plaintiff's allegedly violated right.  Plaintiff replies first that at a minimum, qualified immunity would not apply to the government entities named as Defendants. Further, Plaintiff argues, the individuals named were not acting within their discretionary authority, as required to take advantage of qualified immunity.  Additionally, Plaintiff argues, even if Defendants were able to overcome their burden to demonstrate that qualified immunity applies, the Amended Complaint adequately demonstrates Defendants are not entitled to it because the right Defendants allegedly violated was "clearly established."  It was clear, Plaintiff argues, that Defendants could not use a law that, on its face, did not apply to unfairly single out Plaintiff's dock.  Such action, according to Plaintiff, clearly violated Plaintiff's constitutional right to equal protection as a "class of one."

Defendants reply that the City itself does not need a qualified immunity defense, as there was no constitutional violation necessitating such a defense.  As to the individual Defendants, Defendants argue that Plaintiff's conclusory statements regarding whether Defendants were acting within the scope of their duty are not enough to establish whether Defendants were *actually* acting outside the scope of their authority.   Defendants further argue that merely asserting Fourteenth Amendment protections is not enough to show that Defendants should have been aware their actions were unconstitutional.

"Equal protection of the laws in the 'class of one' context requires no more than that [a plaintiff] be 'secured . . . against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Griffin Indis*., *Inc*., 496 F3d at 1208.  (quoting *Olech,* 528 U.S. at 564). Stated plainly, if taken as true, Plaintiff is alleging that Defendants knowingly conspired to use a law that they were well aware did not apply to get rid of Plaintiff's dock at the behest of an influential friend. The undersigned, as outlined above, finds Plaintiff's Amended Complaint adequately alleges the violation of a constitutional right.

The undersigned therefore turns to whether the right was clearly established.  The requirement that a law be clearly established ensures that "local officials had 'fair warning' that their actions might subject them to legal liability."  *Id.* at 1210.  Qualified immunity seeks to strike a balance, "between the interests in vindication of citizens' constitutional rights," and "in public officials' effective performance of their duties." *Id.* (quoting *Anderson v. Creighton,* 483 U.S. 635, 639 (1987)).  It does so by shielding officials from liability when it is "impossible for officials reasonably to anticipate when their conduct may give rise to liability for damages."  *Id.*

Taking Plaintiff's allegations as true, Defendants had express warning from legal counsel that the City ordinance used against Plaintiff's dock did not apply.  Indeed, taking Plaintiff's allegations as true, Defendants were expressly on notice that their conduct was outside the bounds of what was legally allowed, and nonetheless chose to pursue their action.  Such communications would adequately serve to give the officials in question fair warning that their conduct may give rise to liability for damages.  Accordingly, Plaintiff has adequately pleaded the facts necessary to overcome a qualified immunity defense.

11

III.     Whether there was discriminatory intent.

Defendants also argue that Plaintiff has failed to demonstrate that Defendants had discriminatory intent in pursuing their enforcement action.  Selectivity in law enforcement is inevitable, Defendants argue. That there may have been some selectivity involved in choosing to prosecute Plaintiff's property does not rise to the level of a constitutional violation, according to Defendants, absent some showing that they engaged in the enforcement action with discriminatory intent.  Defendants argue that there was no such intent, in that the City simply took action against issues of which Defendants were made aware by their constituents.

Plaintiff responds that Defendants clearly intended to discriminate, in that they intentionally went after Plaintiff's property with the intent to harm Plaintiff at the behest of an influential citizen without legal justification. Such allegations are enough to survive a motion to dismiss, Plaintiff argues. Defendants reply that Plaintiff's conspiracy theory is without basis and, given the ample rational reasons for Defendants to pursue their action, any allegations of discriminatory intent in pursuing those actions are without merit.

Here again, the Court is bound by the factual allegations in Plaintiff's Amended Complaint, in which he clearly alleges that a group of governmental actors conspired with an influential citizen to use inapplicable laws to deprive him of his legal property.  Whether the facts as alleged by Plaintiff are true is not at issue.  For the purposes of a Motion to Dismiss, the Court must assume they are so.  Assuming Plaintiff's factual allegations are true, the scenario alleged is enough to establish that Defendants intentionally sought to harm Plaintiff, using government means, for illegitimate purposes.  Accordingly, Plaintiff

has adequately pleaded the necessary discriminatory intent to overcome Defendants' Motion.

IV.     <u>Whether a conspiracy claim has been established.</u>

Defendants next argue that if there was no constitutional right violated there can be no conspiracy to violate that right.  Defendants contend that absent the violation of said right, Plaintiff's conspiracy claim must fail.  Plaintiff responds that the Amended Complaint clearly alleges that Defendants intentionally conspired to deny Plaintiff's rights. Defendants reply that rationally responding to the legitimate concerns of a concerned citizen does not form a conspiracy.

Defendants are correct that merely responding to the concerns of the citizenry does not create a conspiracy.  Were that all that Plaintiff's Amended Complaint alleged, Defendants would likely have a winning argument.  However, Plaintiff's Amended Complaint, as outlined several times *supra*, alleges far more, namely that Defendants conspired to wrongly apply a section of the City Code, which they knew was inapplicable, against Plaintiff's property to please an influential citizen rather than for any legitimate purpose.  Under this standard of review, Plaintiff has sufficiently alleged the necessary facts to establish a conspiracy.

V.      <u>Whether Plaintiff has established Article III standing.</u>

Defendants next argue that Plaintiff has failed to plead any actual injury, thus falling short of the "injury-in-fact" requirement necessary to establish standing under U.S. Const. art. III.  "Standing requires that (1) the plaintiff suffer an actual or imminent injury that is 'concrete and particularized' and not 'conjectural or hypothetical,'  (2) the injury be 'fairly traceable' to the defendant's conduct, and (3) a favorable decision redress the plaintiff's

injury." *Hillcrest Prop., LLP v. Pasco Cty.*, 731 F. Supp. 2d 1288, 1297 n.1 (M.D. Fla. 2010) (citations and quotations omitted).

Defendants contend that Plaintiff has not shown how, exactly, he was injured, in that he ultimately obtained his County General License and his dock, boat, and boat lift remain in place. Plaintiff argues that all that need be shown is that a constitutional right was violated to establish the necessary damage, and that nominal damages are recoverable for such right's violation. Further, Plaintiff argues, the emotional harm and economic damages alleged are enough to establish actual injury, were it required, and points out that he has requested punitive damages as well. Defendants reply that, given that nothing actually happened to Plaintiff or Plaintiff's property, there was no injury-in-fact. Vague claims about emotional distress fall short of the necessary elements to establish standing, Defendants argue.

"Due to 'the importance to organized society that those rights be scrupulously observed,' the Supreme Court has held that the violation of certain constitutional rights is 'actionable for nominal damages without proof of actual injury.'" *Hoever v. Marks*, 993 F.3d 1353, 1361 (11th Cir. 2021) (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)). Indeed, "[s]ection 1983 . . . allows for the recovery of nominal damages where the plaintiff's constitutional rights were violated but the violation did not result in any injury giving rise to compensatory damages." *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009). By successfully alleging that his Fourteenth Amendment rights were violated, Plaintiff has established standing to bring a § 1983 claim for nominal damages even without alleging a specific injury flowing from the violations. *Id.* Accordingly, Defendants' Motion to Dismiss should be denied on this point.

VI.   <u>Whether the Amended Complaint is a shotgun pleading.</u>

Finally, Defendants contend that Plaintiff's Amended Complaint consists of little more than a "shotgun pleading."  Indeed, Plaintiff's previous Complaint was dismissed on these grounds, and Plaintiff was allowed to refile an amended Complaint.  Defendants argue that Plaintiff's latest attempt is still deficient, in that it is replete with "character smears, conclusory statements, and irrelevant assertions untethered to any cause of action."  ECF No. 34 at 13.  As such, according to Defendants, Plaintiff's Amended Complaint should again be dismissed, this time with prejudice.

Plaintiff argues that he has cured the deficiencies of his previous Complaint, in that the Amended Complaint gives Defendants adequate notice of both the claims and the facts underlying those claims.  He contends that the granular detail of the Amended Complaint was necessary given the nature of the claims and that the Amended Complaint is proper in all necessary aspects.   Defendants reply that the Amended Complaint is full of "conclusory, vague and immaterial facts not obviously connected to any particular cause of action," that serve only to smear City officials for doing their jobs.

In the Court's previous Order dismissing Plaintiff's Complaint without prejudice, the District Court found:

> The Plaintiff has engaged in the most common form of shotgun pleading by filing 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. Specifically, Counts II and III of the Complaint incorporate all preceding paragraphs, including the averments in the preceding Counts . . . thus violating Rule 8 and making it difficult to understand exactly who is accused of doing what.

ECF No. 27 at 2 (internal quotations and citations omitted).

Plaintiff has since amended his Complaint. He again incorporates all of the general allegations in each count.   However, unlike the previous Complaint, Plaintiff incorporates into subsequent counts only particular, relevant averments from other counts, not the entirety of the allegations.   Indeed, Defendants even concede that "Plaintiff's Amended Complaint fixed" the error with which the District Court was concerned.  ECF No. 34 at 12.  The undersigned agrees that Plaintiff has satisfactorily cured the deficiencies outlined above, and that that the Amended Complaint "gives the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Accordingly, Defendants' argument on this point should likewise be denied.

## Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Defendants' Motion to Dismiss, ECF No. 34, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, on July 28th, 2021.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record